UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BLY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY, Commissioner of<br>Social Security,<br><br>　　　　　Defendant. | Case No.  2:23-cv-02204-JDP (SS)<br><br>**ORDER**<br><br>GRANTING DEFENDANT'S MOTION TO<br>DISMISS<br><br>ECF No. 9 |

Plaintiff Carl Bly seeks judicial review of a final decision, issued by the Commissioner of Social Security Administration ("SSA"), denying his application for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits.  ECF No. 1.  Defendant filed a motion to dismiss for failure to state a claim.  Plaintiff filed an opposition, ECF No. 14, and defendant filed a reply, ECF No. 15.  For the reasons set out below, defendant's motion is granted.

**Background**

Plaintiff applied for SSI benefits on May 15, 2013.  ECF No. 14 at 2.  The Social Security Administration denied his application initially, upon reconsideration, and after an administrative hearing.  *Id*.  The Appeals Council upheld this denial, and plaintiff appealed the decision to the United States District Court for the Northern District of California.  *Id*.  In September 2019, the

1    district court remanded the case for further administrative proceedings.  ECF No. 14 at 2.  On

2    remand, another Administrative Law Judge denied plaintiff's application.  *Id.*

3        On September 2, 2022, the SSA mailed notice of that decision to plaintiff.  ECF No. 9-1 at

4    3.  The notice stated that plaintiff could challenge the unfavorable decision by: (1) filing written

5    exceptions to the Appeals Council within thirty days of receiving notice, (2) requesting additional

6    time to submit exceptions (also within thirty days of receiving notice), or (3) filing a civil action

7    in federal court within sixty days of the decision being finalized.[1]  *Id.* at 5-7.  To meet any of

8    these deadlines, plaintiff needed to file either exceptions or a request for additional time to file

9    exceptions by October 8, 2022, or, once the decision became final on November 2, 2022, a

10   federal action within sixty days.

11        Plaintiff, through counsel, belatedly filed exceptions with the Appeals Council on

12   November 1, 2022.  ECF No. 14 at 2.  After plaintiff learned that he had filed his exceptions late,

13   his attorney sent a letter to the Appeals Council on May 23, 2023, seeking to excuse his late-filed

14   exceptions.  ECF No. 9-1 at 44.  Plaintiff also called the Appeals Council twice to inquire about

15   the status of his filings, once in April 2023 and once in July 2023.  ECF No. 14 at 2.  When

16   plaintiff did not hear back from the Appeals Council, he filed this action on October 10, 2023.

17   ECF No. 1.  On November 11, 2023, the SSA denied plaintiff's May 23 request to excuse his late

18   filing.  ECF No. 14 at 3.

19                         **Legal Standard**

20        "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable

21   legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v.*

22   *Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint

23   must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

24   on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

25   550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content

26

27

[1] Unless shown otherwise, it is presumed that plaintiff received the ALJ's decision "5 days after the date on the notice."  20 C.F.R. § 416.1401.

28

1    that allows the court to draw the reasonable inference that the defendant is liable for the

2    misconduct alleged." *Iqbal*, 556 U.S. at 678.

3        When a complaint or claim is dismissed, "[l]eave to amend should be granted unless the

4    district court determines that the pleading could not possibly be cured by the allegation of other

5    facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).  Leave to amend is

6    not required where permitting further amendment to the pleadings would be futile.  *See*

7    *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1049-50 (9th Cir. 2006).

8                                **Analysis**

9        Defendant contends that dismissal is required because plaintiff failed to file this action

10   within the sixty-day deadline provided by 42 U.S.C. § 405(g).[2]  Plaintiff argues that he is entitled

11   to equitable tolling because extraordinary circumstances, and not a lack of diligence, caused him

12   to miss the filing deadline.  ECF No. 14 at 4.

13       The Social Security Act establishes a timetable for obtaining judicial review of

14   administrative decisions:

15               Any individual, after any final decision of the Secretary made after
             a hearing to which he was a party, . . . may obtain a review of such
16           decision by a civil action commenced within sixty days after the
             mailing to him of notice of such decision or within such further
17           time as the Secretary may allow.

18   42 U.S.C. § 405(g).  This time limitation must be strictly construed.  *See Bowen v. City of New*

19   *York*, 476 U.S. 467, 479 (1986) (citing *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461

20   U.S. 273, 287 (1983) ("[W]hen Congress attaches conditions to legislation waiving the sovereign

21   immunity of the United States, those conditions must be strictly observed, and exceptions thereto

22   are not to be lightly implied.")).

23

24   _____

25       [2] While a statute-of-limitations defense is typically raised in an answer to a complaint,
     "when the running of the statute is apparent from the face of the complaint, as it is in the present
26   case, then the defense may be raised by a motion to dismiss."  *Conerly v. Westinghouse Elec.*
     *Corp.*, 623 F.2d 117, 119 (9th Cir. 1980) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th
27   Cir. 1980)).  In such a case, dismissal "should be granted 'only if the assertions of the complaint,
     read with required liberality, would not permit the plaintiff to prove that the statute was
28   tolled.'"  *Id.* (quoting *Jablon*, 614 F.2d at 682).

There is no dispute that plaintiff filed his complaint untimely.  The SSA mailed plaintiff and his attorney the ALJ's notice of decision on September 2, 2022.  The notice outlined plaintiff's rights and the applicable deadlines.  Plaintiff had until October 8, 2022, to file exceptions, or request additional time to file exceptions, but he did not file his exceptions until November 1, 2022.  Plaintiff also had until January 1, 2023, to file an action in federal court but did not do so until October 1, 2023.  A complaint brought pursuant to 42 U.S.C. § 405(g) may be dismissed on a 12(b)(6) motion if it appears beyond doubt from the face of the complaint "that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).  Here, it is apparent from the face of the complaint that plaintiff did not properly file within the prescribed statutory period.  Plaintiff acknowledges this defect, but urges the court to equitably toll this deadline.

A plaintiff may be entitled to equitable tolling of the sixty-day deadline where "the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480.  To be afforded equitable tolling, the plaintiff must establish "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The first element assesses whether the plaintiff acted diligently with respect to matters within his control. *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256 (2016).  The second requires the plaintiff to show that his filing was delayed due to an "external obstacle" that was "both extraordinary *and* beyond its control." *Id*. at 257.

Plaintiff argues that he is entitled to equitable tolling because he has diligently pursued his claim and because defendant misled him, thereby resulting in extraordinary circumstances.  ECF No. 14 at 4.  Plaintiff has not shown that extraordinary circumstances prevented his timely filing.  Plaintiff first argues that the Appeals Council misled him when it did not notify him of the untimely exceptions before the deadline for filing in district court had passed. *Id*.  This argument is unavailing since the Appeals Council was not required to respond to plaintiff's untimely filed exceptions or to issue notice when no change was made to the ALJ's decision.  20 C.F.R. § 416.1484(b)(2).  Plaintiff offers no other evidence that the Council was an "external obstacle"

4

1     to his timely filing.  *See Banta v. Sullivan*, 925 F.2d 343, 344 (9th Cir. 1991) (finding that the

2     Appeals Council did not mislead a claimant when it "neither invited submission of additional

3     material nor enticed her to forego filing a complaint in district court").

4         Plaintiff argues that the SSA further misled him when it did not alert him during the April

5     2023 phone call that his exceptions were untimely and again when the SSA did not respond to his

6     letter seeking to waive the filing deadline until nine months later.  ECF No. 14 at 5.  But neither

7     instance constitutes an extraordinary circumstance that "stood in the way" of his timely filing

8     because plaintiff had already missed the January 1, 2023, deadline for filing in district court.[3]  *Id.*

9     at 2; *Pace*, 544 U.S at 418.

10        Plaintiff has not shown any other cause for his delayed filing beyond his misapprehension

11     of the applicable laws and regulations.  "Equitable tolling is not available to avoid the

12     consequences of plaintiff's negligence or that of [his] counsel."  *Vitt v. Astrue*, No. C 06-7184

13     CW, 2008 WL 425936, at *5 (N.D. Cal. Feb. 14, 2008).  Given that 42 U.S.C. § 405(g) must be

14     strictly construed and that plaintiff has failed to establish entitlement to equitable tolling,

15     defendant's motion to dismiss is granted.

16                             **Conclusion**

17        Accordingly, it is hereby ORDERED that:

18        1.  Defendant's motion to dismiss, ECF No. 9, is granted.

19        2.  The Clerk of Court is directed to close this action.

---

24        [3] Whether the Appeals Council considered the waiver request is irrelevant because it no longer had the authority to assume jurisdiction over plaintiff's case when the request was filed. ECF No. 14 at 2; 20 C.F.R. § 416.1484(c).  Plaintiff's misunderstanding of the Appeals Council's authority to waive its own deadline is not an extraordinary circumstance that warrants tolling the district court filing deadline.  *Banta*, 925 F.2d at 345. ("A rule allowing claimants to extend their time for filing in district court simply by submitting additional materials which the Appeals Council considers . . . would frustrate Congress's intent 'to . . . forestall repetitive or belated litigation of stale eligibility claims.'") (quoting *Califano v. Sanders*, 430 U.S. 99, 108 (1977)).

IT IS SO ORDERED.

Dated:     September 5, 2024     _____
                                 JEREMY D. PETERSON
                                 UNITED STATES MAGISTRATE JUDGE